MR. JUSTICE SHEA,
dissenting:
The sentences imposed for two of the three convictions fly in the face of the double jeopardy provisions of our State and federal constitutions. Defendant has been sentenced three times for inflicting bodily injury on Terry W.; this has not only subjected him to double jeopardy, it has subjected him to triple jeopardy.
Defendant was sentenced to a total of 150 years in prison — the sentences to be served consecutively. For the conviction of Count I, aggravated assault, he was sentenced to the statutory maximum — 20 years in prison. For the conviction of Count II, aggravated attempted sexual intercouse without consent, he was sentenced to the statutory maximum — 40 years in prison. For. the conviction of Count III, aggravated burglary, he was sentenced to the statutory *358 maximum — 40 years in prison. In addition, he was sentenced to 50 more years in prison because the court found him to be a persistent felony offender.
The 40 year sentence imposed for the Count II, aggravated attempted sexual intercourse without consent conviction is unconstitutional, and the 40 year sentence imposed for the Count III, aggravated burglary conviction is unconstitutional.
The vital double jeopardy questions in this case have been missed by the defendant, by the State, and by the majority. The question is not the narrow one of whether the aggravated assault charge or conviction is merged in the aggravated burglary charge or conviction — although I believe the defendant has a good argument on this point. Rather, the question is whether it is constitutionally permissible to punish the defendant three times for inflicting bodily injury on Terry W.
Each of the three convictions are based on an essential finding that defendant inflicted bodily injury on Terry, and, more important to this case, each of the sentences imposed are necessarily based on this essential finding. How many times can a defendant be punished for inflicting the same, bodily injury?
Following is a summary of how the sentences operated to impose double jeopardy and even triple jeopardy for the infliction of bodily injury.
Count 1. Aggravated assault carries a maximum sentence of 20 years in prison. To convict defendant of aggravated assault the jury was required to find as an essential fact that defendant inflicted bodily injury on Terry W. Defendant was convicted; and defendant was given the maximum prison sentence — 20 years. He therefore was punished for inflicting bodily injury on Terry W.
Count 2. A conviction of attempted sexual intercourse without consent could result in a maximum prison sentence of 20 years. However, a conviction of aggravated attempted *359 sexual intercourse without consent, could result in a maximum prison sentence of 40 years. To convict defendant of aggravated attempted sexual intercourse without consent the jury was required to find as an essential fact that defendant inflicted bodily injury on Terry W. Defendant was convicted — and defendant was given the maximum prison sentence — 40 years. He therefore was punished for inflicting bodily injury on Terry W. Because he was already punished in Count I for inflicting bodily injury on Terry W., the additional 20 years constituted double jeopardy.
Count 3. A conviction of burglary carries a maximum prison sentence of 10 years. However, a conviction of aggravated burglary can result in a maximum prison sentence of 40 years. To convict defendant of aggravated burglary the jury was required to find as an essential fact that he inflicted bodily injury on Terry W. Defendant was convicted of aggravated burglary — and he was given the maximum prison sentence — 40 years. He therefore was punished for inflicting bodily injury on Terry W. However, he was already punished in Counts I and II for inflicting bodily injury on Terry W. This sentence goes a step beyond the constitutional prohibition of double jeopardy: it constitutes triple jeopardy.
I next proceed with an analysis of the three convictions and sentences:
I. THE AGGRAVATED ASSAULT STATUTES AND THE COUNT I AGGRAVATED ASSAULT CONVICTION IN RELATION TO INFLICTION OF BODILY INJURY.
The felony assault statute (section 45-5-202, MCA, aggravated assault) and the misdemeanor assault statute (section 45-5-201, MCA, assault) are primarily directed at conduct resulting in an actual battery. (Each statute, however, has one exception not involved here in which an actual battery need not be inflicted to complete the crime.) The statutes focus on the severity of the injury and on whether a weapon *360 was used.
Infliction of serious bodily injury, regardless of whether a weapon was used, can constitute an aggravated assault. Section 45-5-202(l)(a), MCA. On the other hand, if a weapon is used, infliction of bodily injury (as opposed to serious bodily injury) is sufficient to constitute an aggravated assault. Section 45-5-202(l)(b), MCA. However, if only bodily injury is inflicted, but no weapon is used, it constitutes only a misdemeanor. Section 45-5-201(1)(a), MCA.
Count I charged aggravated assault by alleging that defendant “. . .purposely or knowingly caused bodily injury to Terry W. with a weapon, a knife, by stabbing Terry six times in the back.” By this charge the State was required to prove not only that a weapon (knife) was used, but also that Terry W. sustained bodily injury — both essential elements of the crime of aggravated assault as charged under section 45-5-202(1)(b), MCA.
The jury was instructed on the definition of assault (instruction 12) and jury instruction 13 told the jury what must be proved:
“To sustain the charge of aggravated assault the State must prove the following proposition: That the defendant purposely or knowingly caused bodily injury to Terry W. with a weapon.” (Emphasis added.)
This instruction, although phrased as one “proposition,” actually contains three essential elements: (1) That defendant acted purposely or knowingly; (2) that he inflicted bodily injury; and (3) that he used a weapon.
The jury convicted defendant and by so doing it necessarily found all essential elements — including the finding that defendant inflicted bodily injury. Without the essential finding that defendant inflicted bodily injury, the jury could not have convicted him of the charge. A conviction of aggravated assault carries a prison sentence of “not less than 2 years nor more than 20 years.” Section 45-5-202(2), MCA. Defendant was sentenced to the maximum — 20 years in prison. This sentence clearly punished defendant for in- *361 dieting bodily injury, an essential element of the offense.
The trial court was clearly authorized to sentence defendant to the maximum 20 years in prison for this offense, and no double jeopardy problem arises because of this sentence alone. A double (and triple) jeopardy problem does arise, however, because of the sentences imposed for the conviction of Count II and Count III, each of which required, in order for the sentence to be increased, an essential finding that defendant inflicted bodily injury.
II. THE SEXUAL INTERCOURSE WITHOUT CONSENT STATUTES AND THE COUNT II CONVICTION IN RELATION TO INFLICTION OF BODILY INJURY.
I first emphasize that defendant has raised no issue concerning the Count II conviction or the 40 year sentence imposed because of the finding of an aggravating factor — the infliction of bodily injury. However, his constitutional rights have been affected and we cannot ignore them and claim to do justice as an appellate court.
The Count II charge requires application of three statutes: first, the statute defining sexual intercourse without consent; second, the subsection of this statute permitting an increased sentence if an aggravating factor surrounding the commission of the crime is found to exist; and third, the general attempt statute which provides that it is a crime to attempt a crime, and which further provides that the penalty upon a conviction is the same as though the offense had been completed.
The sexual intercourse without consent statute, section 45-5-503(1), MCA, defines the crime as: “Any person who knowingly has sexual intercourse without consent with a person of the opposite sex not his spouse commits the offense of sexual intercourse without consent.” Subsection (2) of this statute provides that one convicted of the crime “shall be imprisoned in the state prison for a term of not less than 2 years or more than 20 years.” However, under subsection (3) of this statute, if an aggravating factor is *362 found to exist together with proof of the crime itself, the maximum sentence can be increased to 40 years in prison. Subsection 3 provides:
“If the victim is less than 16 years old and the offender is 3 or more years older than the victim or if the offender inflicts bodily injury upon anyone in the course of committing sexual intercourse without consent, he shall be imprisoned in the state prison for any term of not less than 2 years or more than 40 years. . .” (Emphasis added.) Section 45-5-503(3), MCA. (See Appendix A to this dissent for a discussion of this aggravating factor.)
III. ATTEMPTED SEXUAL INTERCOURSE WITHOUT CONSENT.
And now to the attempt statute. Section 45-4-103(1), MCA, defines an attempt, and subsection (3) of this statute provides the penalty: “A person convicted of the offense of attempt shall be punished not to exceed the maximum provided for the offense attempted.” Applied here, this means that a conviction of attempted sexual intercourse without consent could result in a prison sentence of 20 years — the maximum penalty for the crime of sexual intercourse without consent.
However, although the State alleged the charge as attempted sexual intercourse without consent, the actual charge was that of aggravated attempted sexual intercourse without consent. In addition to charging the elements of an attempt to commit the crime, the State charged that defendant inflicted bodily injury upon Terry W. The allegation in the charge that “the victim suffered bodily injury” became the fourth essential fact the State was required to prove. Jury instruction 18 set forth the essential elements of the offense:
To sustain a charge of Attempt (Sexual Intercourse Without Consent), the State must prove the following propositions:
“First: that the defendant, with the purpose to commit *363 sexual intercourse without consent, performed any act toward the commission of the offense of sexual intercourse with Terry W.; and
“Second: that Terry W. was not the defendant’s spouse; and
“Third: that the attempted act of sexual intercourse was without the consent of Terry W.; and
“Fourth: that defendant, while attempting to commit sexual intercourse without consent, inflicted bodily injury on any persons.” (Emphasis added.)
This same instruction also told the jury to find defendant guilty if it found all four elements to exist beyond a reasonable doubt, but to find him not guilty if it found any of those four elements was not proved beyond a reasonable doubt.
Whether infliction of bodily injury is an essential element of the offense (I do not think it is), or whether it is only an aggravating factor the proof of which triggers the potential imposition of a 40 year prison sentence, the fact is that the jury was instructed that infliction of bodily injury is an essential element of the offense. Based on jury instruction 18, supra, the jury could not have found defendant guilty of the attempt unless it also found that he inflicted bodily injury.
Furthermore, in the context of the maximum permissible sentence, it makes no difference whether infliction of bodily injury is an essential element of the offense or whether it is simply the aggravating factor, the proof of which can trigger a higher maximum sentence. The result is the same: in each situation, infliction of bodily injury is the basis on which the higher sentence can be imposed.
A double jeopardy violation could have been avoided here if the trial court sentenced defendant to a maximum 20 years in prison. This is so because the maximum sentence permitted for a conviction of sexual intercourse without consent (section 45-5-503(2), MCA) or for conviction of an attempt (section 45-4-103(3), MCA) is 20 years. But any sentence beyond 20 years violates the double jeopardy *364 clauses because it must of necessity rely on an underlying finding that defendant inflicted bodily injury. Because a finding of infliction of bodily injury was essential to the conviction of Count I, aggravated assault, it could not once again be used as the basis for an increased sentence because of a conviction of aggravated attempted sexual intercourse without consent. Once is permissible — twice is double jeopardy.
The remedy for this Count II conviction is not to reverse the conviction, but simply to remand for resentencing, with instructions that any sentence beyond 20 years is constitutionally impermissible as constituting double jeopardy.
III. THE BURGLARY AND AGGRAVATED BURGLARY STATUTE AND THE COUNT III AGGRAVATED BURGLARY CONVICTION IN RELATION TO INFLICTION OF BODILY INJURY.
The sentence imposed for the Count III, aggravated burglary conviction, has resulted in a double (triple) jeopardy violation. Burglary carries a maximum sentence of 10 years in prison. Aggravated burglary carries a maximum sentence of 40 years in prison. The essential finding raising the crime from burglary to that of aggravated burglary, was that defendant inflicted bodily injury on Terry W. The 40 year prison sentence punished defendant a third time for inflicting bodily injury — a clear double (triple) jeopardy violation.
Section 45-6-204, MCA, defines burglary and aggravated burglary. Subsection (1) defines burglary:
“A person commits the offense of burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein.”
Aggravated burglary is defined by subsection (2) of the burglary statute. It provides:
“A person commits the offense of aggravated burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit a felony therein and:
*365 “(a) In effecting entry or in the course of committing the offense or in immediate flight thereafter, he or another participant in the offense is armed with explosives or a weapon; or
“(b) In effecting entry or in the course of committing the offense or in an immediate flight thereafter, he purposely, knowingly, or negligently inflicts or attempts to inflict bodily injury upon anyone.” (Emphasis added.) (See Appendix B to this dissent.)
The penalty for burglary and aggravated burglary is provided by section 45-6-204(3), MCA. It provides:
“A person convicted of the offense of burglary shall be imprisoned in the state prison for any term not to exceed 10 years. A person convicted of the offense of aggravated burglary shall be imprisoned in the state prison for any term not to exceed 40 years.”
The charge alleged the elements of burglary but added as the final element, the allegation that defendant committed aggravated burglary. The State alleged that defendant entered an occupied structure “. . .with the purpose to commit a felony therein, aggravated assault, and in the course of committing the offense, he purposely, knowingly or negligently inflicted bodily injury upon Terry W.” Proof that defendant inflicted bodily injury is the essential fact which changed the crime from one of burglary to one of aggravated burglary. (See Appendix B to this dissent.)
The jury was instructed that infliction of bodily injury was an essential element of the charge of aggravated burglary. Jury instruction 22 defined aggravated burglary:
“A person commits the offense of aggravated burglary who knowingly enters or remains unlawfully in an occupied structure with the purpose to commit a felony therein, and in the course of committing the offense he purposely, knowingly, or negligently inflicted bodily injury upon anyone.” (Emphasis added.)
And jury instruction 23 set forth the elements which the State was required to prove for the charge of aggravated *366 burglary:
To sustain the charge of aggravated burglary, the State must prove the following propositions:
“First: That the defendant knowingly entered or remained unlawfully within an occupied structure;
“Second: That the defendant did so with the purpose to commit aggravated assault a felony, therein; and
“Third: That in the course of committing the offense the defendant purposely, knowingly or negligently inflicted bodily injury upon anyone.” (See Appendix B to this dissent.)
This instruction also told the jury that it must convict if it found all three elements to be proved beyond a reasonable doubt, and that it must acquit if it found any one of the elements not proved beyond a reasonable doubt.
The aggravated burglary charge presented to the jury an all or nothing situation. That is, the jury was not given the option of convicting defendant of aggravated burglary or burglary — burglary being in essence a lesser-included offense. Rather, the jury was to decide only whether defendant was guilty or innocent of the charge of aggravated burglary.
In finding defendant guilty of aggravated burglary, the jury necessarily found that defendant inflicted bodily injury on Terry W. — the essential fact which raised the crime from that of burglary to that of aggravated burglary. (See the third element of instruction 23, supra.) This finding, however, served yet another function insofar as sentencing is concerned. It raised the permissible sentence from 10 years (that permitted for a conviction of plain burglary) to 40 years (that permitted for a conviction of aggravated burglary).
In sentencing defendant to 40 years in prison for the conviction of aggravated burglary, the court necessarily relied on the jury’s finding that defendant, in committing the burglary, inflicted bodily injury on Terry W. This sentence punished defendant for yet a third time for inflicting bodily *367 injury on Terry W. Once is permissible — twice is impermissible as constituting double jeopardy — and three times is impermissible as constituting triple jeopardy.
The remedy for this Count III conviction is the same as the remedy for the Count II conviction. The conviction should be upheld but the sentence should be vacated with instructions that any sentence beyond 10 years (the maximum permissible for burglary) is constitutionally impermissible as constituting double jeopardy.

SUMMARY

The Count I, aggravated assault conviction and the sentence should stand. The Count II, aggravated attempted sexual intercourse without consent conviction should stand (but see Appendix A to this dissent) but the sentence must be vacated with instructions that any sentence beyond 20 years is constitutionally impermissible — as constituting double jeopardy. The Count III, aggravated burglary conviction should stand (however, see Appendix B to this dissent) but the sentence must be vacated with instructions that any sentence beyond 10 years (the maximum sentence for burglary) is constitutionally impermissible — as constituting double jeopardy.
It behooves those who represent defendants in criminal cases, to not only carefully study the law applied to the case as it is processed through the trial stages, but to also devote more time and careful study to the sentencing statutes to be sure that their clients are not victimized by an application of the sentencing laws which ignores our constitutions — such as the double jeopardy violations which I believe to exist in this case.
I cite as another example the case of State v. Transgrud (1982), 200 Mont. 303, 651 P.2d 37, 39 St.Rep. 1765, a situation in which I believe defendant was clearly subjected to a double jeopardy application of the sentencing laws. The case was submitted on briefs. Although defendant did not raise the issue and the majority did not see this underlying *368 issue in their process of reviewing the issues raised, I nonetheless recognized the issue and raised it in my dissent. Had the issue been raised, the defendant may well have achieved a different and the proper result insofar as his sentence was concerned.
Now in vogue is a policy of imprisoning as many convicted felons as possible for as long as possible. And so it is that mandatory sentencing statutes and statutes which increase the penalties because of aggravating factors, are now in vogue. In this case, no mandatory penalties existed, but more severe maximum sentences existed. In the case of the Count I, assault conviction, the minimum sentence was 2 years and the maximum sentence was 20 years. Defendant was sentenced to the maximum 20 years. In the case of Count II, aggravated attempted sexual intercourse without consent conviction, the minimum sentence was 2 years and the maximum sentence was 40 years in prison. Defendant was sentenced to the maximum 40 years in prison. For the Count III, aggravated burglary conviction, the minimum sentence is simply any term not to exceed 40 years in prison. Defendant was sentenced to the maximum 40 years in prison.
Regardless of these popular trends, either mandated by statutes or sensed by sentencing courts who are responding to popular sentiment, I trust that at least most of our citizens recognize and accept the fact that our United States and Montana Constitutions still exist, and that their provisions ought not to be as responsive to the prevailing winds.
It is the duty of the courts to give meaning to these constitutions. Too often the trial courts are unwilling to rule in a way they knew they should because the decision will be unpopular. They would rather have an appellate court be the scapegoat for an unpopular decision.
APPENDIX A
As stated, defendant was charged under section 45-5-503, MCA, as though the aggravating factors listed in subsection *369 (3) are part of the offense itself. However, subsection (1) clearly defines the offense, and subsection (3) simply sets forth the aggravating factors, which, if proved, make the sentencing potential more severe — 40 years maximum as opposed to 20 years maximum.
The question, therefore, arises as to whether these aggravating factors can be charged as part of the offense itself. If they can, they effectively change the definition of the defense as set forth in subsection (1). If they cannot be charged as elements of the crime, the question arises as to how these elements are proved. Can they be listed as separate factors on which the jury must make special findings? Or, can they simply be factors which the State can prove as part of the sentencing process?
The manner in which these aggravating factors are set forth in section 45-5-503, MCA, suggests that they are not elements of the offense itself. (By contrast see the aggravating factors set out in the burglary statute, section 45-6-204, discussed in Part III of this dissent and in Appendix B.) If they are not elements of the offense, it logically follows that the State need not prove these factors to the jury but instead can prove these factors after conviction as part of the sentencing process. In such case, due process would obviously require that the State give notice to defendant of its intent to rely on aggravating factors listed in subsection (3) of this statute.
A further question is whether the sentencing court as part of the sentencing process, can, on its own motion, rely on these aggravating factors in determining what sentence to impose. Again, if this is permissible, due process would require that defendant be given notice of the court’s intent.
Defendant could argue, on the other hand, that he should not be deprived of a jury trial on such essential factors — factors which, if proved, allow the trial court to double the sentence. Along with an argument of a right to jury trial, however, is the question of whether the jury can make special findings on these aggravating factors. Argua *370 bly, special findings would offend section 46-16-603(1), MCA, which requires that in all criminal cases the verdict be a general verdict only.
A further question presents itself. Arguably, the aggravating factors set out in subsection (3) were meant only to apply to a situation in which there has been a conviction for the completed offense rather than to a conviction of an attempt to commit that offense. If this is so, a conviction of the attempt would result in a maximum 20 year prison sentence rather than the 40 years imposed here.
APPENDIX B
The burglary statute, in contrast to the sexual intercourse without consent statute (see Appendix A), defines two offenses: the offense of burglary (section 45-6-204(1)) and the offense of aggravated burglary (section 45-6-204(3)). (See the text of this statute quoted in Part III of this dissent.)
In the context of this case, however, the essential feature which distinguishes the crime of burglary from that of aggravated burglary, is the allegation that while in the occupied house the defendant inflicted bodily injury on Terry W. Because of the manner in which defendant was charged, it was an all or nothing situation. That is, unless the jury found that defendant inflicted bodily injury on Terry W., defendant could not be convicted of any burglary charge. (See the jury instructions quoted in Part IV this dissent.)
But whether one is punished more severely because he has inflicted bodily injury (Count II, attempted aggravated sexual intercourse without consent) or whether he is convicted of an offense which is made more serious by the infliction of bodily injury (Count II, aggravated burglary), the result is the same. In each situation the infliction of bodily injury is used as the basis for the more severe sentence. The result is double jeopardy. How many times can a defendant be punished for inflicting the same bodily injury?